IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
|        **Plaintiff**, ) | |
| ) | |
| v. ) | 2:05-cr-336 |
| ) | |
| MAURICE PLUMMER, ) | |
| ) | |
|        **Defendant.** ) | |

## MEMORANDUM ORDER

Now pending before the Court is Defendant's MOTION FOR DEFENSE IMMUNITY (*Document No. 122*). The GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR DEFENSE IMMUNITY (*Document No. 123*) has been filed and the matter is ripe for disposition. Various other motions concerning suppression of evidence and severance of indictment counts are also pending but will not be addressed in this Memorandum Order.

At the suppression hearing that was conducted in this matter on July 3, 2007, Defendant sought to introduce testimony of Brandi Smith (who is now married to Defendant and named Brandi Plummer). Brandi's attorney notified the Court that she would invoke the Fifth Amendment and refuse to testify. The suppression hearing was then suspended pending resolution of the instant motion.

Both parties rely on *Government of Virgin Islands v. Smith*, 615 F.2d 964 (3d Cir. 1980). *Smith* sets forth a five-factor test for determining whether immunity should be granted: (1) an application for immunity must be made which specifies the witness and the particulars of the proposed testimony; (2) the witness is available; (3) the proffered testimony must be "clearly exculpatory"; (4) the testimony must be essential; and (5) there must be no strong governmental interests which countervail against a grant of immunity. Defendant acknowledges that the holding in *Smith* appears to have been limited and that "very few cases have been decided after *Smith* in which defense immunity has been granted." Defendant's Motion at 4.

Defendant does not specifically analyze the various *Smith* factors. Instead, Defendant contends that this is an appropriate opportunity to "level the playing field" because the risk of

indictment will prevent Brandi from testifying, which will allegedly inhibit Maurice Plummer from having a fair trial. The government argues that Defendant has failed to make a threshold showing of entitlement to immunity under the first four factors of the *Smith* test, without even considering the government's countervailing interests. The Court agrees with the government.

As the proffer in Defendant's motion clearly indicates, Brandi's testimony would be offered for the explicit purpose of contradicting the testimony and therefore the credibility of the police officers who were called as witnesses at the suppression hearing. The officers testified, in essence, that they believed that Maurice Plummer was in Brandi's apartment at the time they sought admittance to arrest him pursuant to a warrant. Brandi allegedly told the officers that Plummer wasn't there (that he had recently left, which of course, confirmed that he had been there). The officers asked Brandi if they could look around the apartment to reassure themselves that Plummer was not there and Brandi gestured and told them to go ahead (or words to that effect) and they did. Plummer was not there, but suspected cocaine and drug paraphernalia were observed in the master bedroom in plain view.

Defendant seeks a grant of immunity so that Brandi may testify that she did <u>not</u> consent to a search of the apartment and that the officers knew that Plummer was not there at the time they sought her consent. Defendant's Motion at ¶ 9 (emphasis in original). In *Smith*, the Court of Appeals for the Third Circuit explicitly addressed this type of proffer. The Court stated: "Immunity will be denied if the proffered testimony is found to be ambiguous, not clearly exculpatory, cumulative or if it is found to relate only to the credibility of the government's witnesses." *Id.* at 972. Obviously, Brandi's testimony is being offered only to contradict and challenge the credibility of the government witnesses. Thus, a grant of defense immunity to Brandi would be directly contrary to binding circuit precedent and the motion must therefore be denied.

The Court briefly notes that a grant of immunity would likely not be proper in this case for additional reasons. As mentioned, during the search, the officers observed cocaine in plain view in Brandi's bedroom. Thus, a grant of immunity would impact the government's interest in pursuing possible criminal charges against Brandi. Moreover, the proffered testimony is not

"clearly exculpatory." Brandi's testimony, if found credible, may result in the invocation of the "exclusionary rule" to prevent the government from introducing the cocaine into evidence, which would obviously complicate the government's efforts to prosecute Plummer for that offense. However, the proffered testimony relates to a conversation between Brandi and police officers regarding consent to search the apartment, and does not tend to exonerate Plummer of the crime charged.

In accordance with the foregoing, it is hereby ORDERED, ADJUDGED and DECREED that Defendant's MOTION FOR DEFENSE IMMUNITY (*Document No. 122*) is **DENIED**.

The suppression hearing shall resume on **Thursday, August 2, 2007 at 1:30 P.M.** for the limited purpose of permitting Defendant to present Brandi's mother as a witness. Counsel shall immediately notify the Court if he concludes that such testimony will not be presented.

SO ORDERED this 26th day of July, 2007.

BY THE COURT:

s/ Terrence F. McVerry
United States District Court Judge

cc:  Margaret E. Picking, AUSA
Email: margaret.picking@usdoj.gov

Paul D. Boas
Email: paulboas@choiceonemail.com