# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| v. | ) | 2:05-cr-336 |
| MAURICE PLUMMER, | ) |  |
| Defendant. | ) |  |

## MEMORANDUM ORDER

Now pending before the Court is Defendant Maurice Plummer's MOTION TO VACATE, SET ASIDE, AND CORRECT SENTENCE PURSUANT TO U.S.C. SECTION 3582 (*Document No. 182*). Although the Court's electronic filing system reflects that R. Damien Schorr, Esquire, remains counsel of record for Plummer, the motion is signed by Plummer and appears to have been filed pro se. The memorandum in support of the motion is well-written and Plummer is to be commended for his efforts. The government has filed a response in opposition to the motion and it is ripe for disposition.

Factual and Procedural Background

On November 13, 2007, Plummer pled guilty to counts 2, 3 and 4 of a four-count indictment at Criminal No. 05-336, which charged him at counts 2 and 4 with possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1), on or about August 24, 2004 and November 18, 2005, respectively. At count 3, he was charged with conspiracy to distribute and possess with intent to distribute 50 grams or more of cocaine base, in the form commonly known as crack, a Schedule II controlled substance, on or about November 18, 2005, in violation of 21 U.S.C. § 846. The parties stipulated to a quantity of 50-150 grams. Because Plummer had three predicate offenses for a "crime of violence," he was categorized in the Presentence Investigation Report ("PSI") as a "career offender" pursuant to USSG § 4B1.1.

Under the 2007 edition of the Sentencing Guidelines, without the career offender enhancement Plummer would have had a Total Offense Level of 30 based solely on his crack cocaine conviction and a Criminal History category of IV. The advisory guideline range, after reflecting the statutory mandatory minimum of 120 months, would have been 120-125 months imprisonment. The career offender enhancement not only raised the Total Offense Level from 27 to 34 but also increased Plummer's Criminal History category from IV to VI. Based on Offense Level 34 and criminal history VI, the advisory guideline recommended range of imprisonment calculated in the PSI was 262-327 months. Thus, full application of the career offender provision would have resulted in an ***increase*** in the advisory guideline recommended range of 142-202 months imprisonment.

Plummer did not raise any legal or factual objections to the "career offender" designation or the advisory guideline range calculated in the PSI. However, he did seek a downward departure and/or variance on the basis that application of the "career offender" provisions overstated the seriousness of his criminal history and resulted in an advisory guideline range that was excessively high. The Court issued Tentative Findings and Rulings (Document No. 156) which: (1) affirmed that the "career offender" designation and advisory guideline range of 262-327 months, as calculated in the PSI, were correct; and (2) granted Plummer's motion for downward departure. The Court reduced Plummer's Criminal History category from VI to V and also reduced his Offense Level. Of particular relevance, the Court concluded that: "the guidelines, ***without the career criminal enhancements***, adequately reflect the seriousness of his prior conduct and the likelihood he will commit other crimes." (Emphasis added). Accordingly, the Court proceeded to sentence Plummer based on Offense Level 27 and Criminal History V, for an advisory guidelines range of 120-150 months.

The Court recognized that the guideline range was advisory and explained that Plummer's actual sentence would be determined at the sentencing hearing based on all of the § 3553(a) sentencing factors. The Court stated:

> After granting the motion for downward departure as to both the Offense Level and Criminal History category, the advisory guidelines range of 120-150 months provides an appropriate starting point for the Court's application of the § 3553(a)

2

factors.  ***Obviously, the Court will not further reduce the term of imprisonment due to the mandatory statutory minimum sentence***.  The Court will reserve decision as to whether to sentence Defendant within the new advisory guideline range or to vary ***upwardly*** until after the parties have had the opportunity to be fully heard.

(Emphasis added).  Ultimately, the Court adopted its Tentative Findings and Rulings and Plummer was sentenced to a term of imprisonment of 144 months.

Discussion

Effective November 1, 2007, the United States Sentencing Commission implemented Amendment 706 to the Guidelines, which in essence reduced the Offense Level for crack cocaine offenses by two levels.  The Amendment was made retroactive in May 2008.  Plummer contends that he is entitled to re-sentencing, although he acknowledges that this is a "specific and complicated circumstance."

The right to seek re-sentencing is governed by 18 U.S.C. § 3582(c)(2), which states:

(c) Modification of an imposed term of imprisonment.--The court may not modify a term of imprisonment once it has been imposed ***except*** that– . . . (2) in the case of a defendant who has been sentenced to a term of imprisonment ***based on a sentencing range that has subsequently been lowered*** by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court ***may*** reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, ***if*** such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

(Emphasis added).  The crux of the dispute between the parties is whether Plummer was sentenced "based on a sentencing range that has subsequently been lowered."[1]

---

[1] Plummer also argues that the Fair Sentencing Act of 2010 ("FSA") should apply retroactively.  Plummer contends that because the FSA increased the threshold amount of crack cocaine from 50 grams to 280 grams, he would not be subject to a mandatory minimum term of imprisonment on re-sentencing.  This argument was rejected in *United States v. Reevey*, 631 F.3d 110, 114–15 (3d Cir. 2010), which held that the mandatory minimum sentences for crack violations in effect before the FSA continue to apply to defendants who committed their crimes and had been sentenced while the prior law was in force.

3

A. Entitlement to Re-sentencing

The government contends that Plummer was sentenced based on the advisory guideline range for career offenders, which has not been revised. Accordingly, the government contends that he does not qualify for re-sentencing. In *United States v. Mateo*, 560 F.3d 152, 155-56 (3d Cir. 2009), the Court of Appeals held that because the defendant's sentencing range was due to his status as a career offender, rather than his underlying crack cocaine conviction, he was not entitled to seek a reduction in sentence under §3582(c).

Plummer's situation is distinguishable from *Mateo*. As set forth in the Tentative Findings and Rulings, although the Career Offender provisions were properly utilized in the PSI, the Court granted Plummer's motion for downward departure because the career offender range was excessively high. In essence, the Court disregarded the Offense Level that would have been applicable under the "Career Offender" guideline and reverted to the Offense Level calculated pursuant to the crack cocaine offense. Thus, in the unique facts and circumstances of this case, Plummer's advisory guideline Offense Level was, in actuality, "based on" the crack cocaine offense score that has subsequently been lowered. In *United States v. Flemming*, 617 F.3d 252, 258 (3d Cir. 2010), the Court of Appeals for the Third Circuit held that a similarly-situated defendant was within the scope of § 3582(c) because the sentencing court had determined that the career offender enhancement overstated Flemming's criminal history, departed downward and "actually used" the crack cocaine guideline range.

The Court recognizes that Plummer's Criminal History category of V continued to be "based on" his Career Offender status, after making the maximum one-level downward departure permitted by USSG § 4A1.3(b)(3)(A). Thus, in this case, the advisory guideline range utilized by the Court in sentencing Plummer was a "hybrid" - the Offense Level was "based on" the crack cocaine conviction and the Criminal History was "based on" his Career Offender status. Because the "sentencing range" is "based on" both the Offense Level and Criminal History category, the Court concludes that if either component has subsequently been lowered, a defendant has a right to seek re-sentencing under § 3582(c). *See Flemming*, 617 F.3d at 256 (district court had applied similar "hybrid" sentencing range). In summary, the Court agrees with Plummer that he has a right to seek re-sentencing in this case. That conclusion does not end the analysis, however.

4

B.    Whether a Reduction in Sentence is Warranted

Even though Plummer has a right to seek a reduction, the Court is not required to change the sentence it originally imposed. The plain text of § 3582(c)(2) states that the Court "may" reduce a term of imprisonment – such relief is not mandatory. Further, any reduction must be consistent with applicable policy statements of the Sentencing Commission.

There are several reasons why the Court concludes that a sentence reduction is not warranted in this case. First, as noted above, a statutory mandatory minimum sentence of 120 months will continue to apply. Even if Plummer's Offense Level were reduced from 27 to 25, the low end of the guideline range would remain the same.[2] Second, in its Tentative Findings and Rulings, the Court made an affirmative decision that an advisory guidelines range of 120-150 months provided "an appropriate starting point for the Court's application of the § 3553(a) factors." The Court then indicated that it would "reserve decision as to whether to sentence Defendant within the new advisory guideline range or to vary ***upwardly*** . . . ." (Emphasis added). Plummer was correctly (albeit technically) classified as a Career Offender and the PSI accurately calculated the applicable range of imprisonment as 262-327 months. Because the Court had already granted a very significant downward departure, it was not inclined to entertain any further reductions and was seriously contemplating a term of imprisonment in excess of 150 months.

Finally, and most importantly, the term of 144 months of imprisonment that was ultimately imposed on Plummer represented the Court's best effort to exercise its discretion to apply the § 3553(a) sentencing factors to all of the facts and circumstances of this case. At this final step of the sentencing process, the distinction between an Offense Level 25 and Offense Level 27 under the advisory guidelines would have had little weight. As the Court explained in its Tentative Findings and Rulings, courts "are to ***exercise their discretion*** by considering the relevant § 3553(a) factors in setting the sentence they impose ***regardless of whether it varies from the sentence calculated under the Guidelines.***" Tentative Findings and Rulings at 4

---

[2]The Court recognizes that the high end of the advisory guideline range would be reduced from 150 months to 125 months.

5

(citing *United States v. Langford*, 516 F.3d 205, 2008 WL 466158 (3d Cir. February 22, 2008)) (emphasis added).

This Court exercised its discretion in sentencing Plummer. In particular, in imposing a sentence of 144 months, the Court expressed concern about Plummer's criminal history and the danger he posed to the community:

> The Court has concluded that the nature of the offenses in your criminal history does not warrant application of the "career offender" enhancement, which would have triggered an advisory guideline sentencing range of imprisonment of at least 23 ½ years. That does not mean, however, that the Court is not concerned about your past criminal behavior, which involves numerous incidents involving violence as a juvenile and as an adult. The instant convictions involve guns and drugs, which is a bad and potentially deadly combination. Without doubt, you do present a danger to the community.

In summary, the Court determined, after a thorough consideration of the entire record, that a sentence of 144 months imprisonment was sufficient, but not greater than necessary, to comply with the § 3553(a) sentencing factors. The retroactive amendment of the crack cocaine sentencing guidelines does not persuade the Court to reduce Plummer's sentence. Accordingly, Defendant Maurice Plummer's MOTION TO VACATE, SET ASIDE, AND CORRECT SENTENCE PURSUANT TO U.S.C. SECTION 3582 (*Document No. 182*) will be **DENIED**.[3]

An appropriate Order follows.

McVerry, J.

---

[3] Although the Court need not finally decide this issue, the same result would likely be mandated by the government's alternative argument that a reduction in Plummer's sentence would not be consistent with applicable policy statements from the Sentencing Commission. USSG § 1B1.10 Application Note 1(A) explains that the "applicable guideline range" is determined before any departures, and thus Amendment 706 did not lower Plummer's "applicable" range. *See Flemming*, 617 F.3d at 260-72 (applying "rule of lenity" to pre-2003 guidelines); *United States v. Thompson*, 405 Fed. Appx. 686, 690 (3d Cir. 2011) (unpublished) (even if Court granted a downward departure from the career offender guidelines, defendant's "applicable guideline range" would still be the range defined by his career offender status).

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MAURICE PLUMMER, )<br>)<br>Defendant. ) | 2:05-cr-336 |

## MEMORANDUM ORDER

AND NOW, this 7th day of December, 2011, for the reasons set forth in the foregoing Memorandum Opinion, it is hereby ORDERED, ADJUDGED and DECREED that Defendant Maurice Plummer's MOTION TO VACATE, SET ASIDE, AND CORRECT SENTENCE PURSUANT TO U.S.C. SECTION 3582 (*Document No. 182*) is **DENIED**.

BY THE COURT:

s/ Terrence F. McVerry
United States District Court Judge

cc: Margaret E. Picking, AUSA
Email: margaret.picking@usdoj.gov

R. Damien Schorr, Esquire
Email: damienschorr@comcast.net

Maurice Plummer
#08749-068
c/o FCI Fairton
P.O. Box 420
Fairton, NJ 08320
(via First Class Mail)