# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | 2:05-cr-336 |
| ) | 2:14-cr-781 |
| MAURICE PLUMMER, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM ORDER

On June 25, 2014, the Court entered a final order denying the MOTION TO CORRECT SENTENCE UNDER 28 U.S.C. § 2255 filed by Maurice Plummer. (ECF No. 200).[1] At that time, the Court failed to expressly address whether there was any basis for issuing a certificate of appealability, though it did state that "Defendant shall have the right to appeal this ruling." *Id.* The Court admittedly should have been clearer as to the meaning of that statement (or omitted it altogether), as it does give the impression that the Court believed that there are grounds for issuing a certificate of appealability in this case. Following the filing of a Notice of Appeal by Plummer, the matter was remanded to the undersigned "for a determination as to whether a certificate of appealability should issue." (ECF No. 204). Upon further reflection and consideration, the Court has concluded that there exists no basis for issuing a certificate of appealability.

Title 28 U.S.C. § 2253(c) provides:

(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from –

    (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or

---

1. All citations to the documents filed in this case refer to the filings at Docket No. 05-cr-336.

1

> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

"Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Court denied Plummer's motion because his argument was directly foreclosed by the Court of Appeals' recent decision in *United States v. Marrero*, 743 F.3d 389 (3d Cir. 2014), wherein the Court of Appeals explained that Pennsylvania's simple assault statute, 18 Pa. Cons. Stat. § 2701(a) – under which Plummer was convicted – "'list[s] potential offense elements in the alternative,'" so "it is 'divisible,' and the modified categorical approach applies." *Id.* (quoting *Descamps v. United States*, --- U.S. ----, 133 S. Ct. 2276, 2283 (2013)). Thus, the Court is permitted to consider *Shepard*-approved documents and the unchallenged factual narrative in the Presentence Investigation Report ("PSI Report") to decide whether Plummer's simple assaults were intentional or knowing and thus qualifying "crime(s) of violence," as opposed to merely reckless or negligent, and not qualifying offenses. *Id.* at 395-96; *United States v. Siegel*, 477 F.3d 87, 93-94 (3d Cir. 2007) (holding that a defendant who pleads guilty to a predicate offense is deemed to have admitted factual allegations in a PSI Report by not objecting to them and that such admissions can be used to determine whether that offense qualifies as a crime of violence). As described in the PSI Report – the relevant portions of which Plummer did not object to – Plummer's simple assault convictions both involved domestic violence against his girlfriend. PSI Report ¶¶ 29, 31. In the first such incident, Plummer choked his girlfriend and struck her in the

arm with a television remote, causing scratches to her neck. *Id.* ¶ 29. In the second incident, Plummer bit his girlfriend under her left eye. *Id.* ¶ 31. All of this conduct was, in the very least, committed with the knowledge that it would cause bodily injury. Accordingly, the two simple assault convictions constituted crimes of violence and rendered Plummer a career offender under the Guidelines.

Because "reasonable jurists" would not find the Court's conclusion to be "debatable or wrong," Plummer has not established "a substantial showing of the denial of a constitutional right." *Slack*, 529 U.S. at 484; 28 U.S.C. § 2253(c)(2). Accordingly, this 7th day of October 2014, it is hereby **ORDERED** that there is no basis for the issuance of a certificate of appealability and no certificate of appealability shall issue.

BY THE COURT:

s/ Terrence F. McVerry
Senior United States District Judge

cc:     all counsel of record via CM/ECF